IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br>ANTHONY J. DERCOLE<br>    Debtor(s) | Bankruptcy No. 19-23948-CMB<br><br>Chapter 13 |
| ANTHONY J. DERCOLE<br>    Movant(s)<br><br>vs.<br><br>CARRINGTON MORTGAGE SERVICES, LLC<br>THE BANK OF NEW YORK MELLON<br>RONDA J. WINNECOUR, TRUSTEE<br>    Respondent(s) | Related to Document No. 69 |

### DEBTOR'S LOSS MITIGATION STATUS REPORT

AND NOW, comes the Debtor, Anthony J. Dercole, by and through his undersigned counsel and files this status report, and in support thereof avers the following:

### LMP PROGRESS

1. As he was told to numerous times during this LMP, Debtor resubmitted an application on December 10, 2020.

2. After a fourth motion to extend the LMP filed on December 15, 2020, an Order was entered by this Court on December 29, 2020, extending the Loss Mitigation Period until February 26, 2021 and requiring the Bank of New York Mellon ("BNY Mellon") or Carrington Mortgage Services, LLC ("Carrington") (BNY Mellon and Carrington together, "Respondents") to evaluate the Debtor for a loan modification by February 5, 2021.

3. On January 14, 2021, Carrington contacted the Debtor on the Portal and requested documents from the Debtor, specifically:

- Pages 2 and 4 of the Mortgage Assistance Application;
- The Debtor's Divorce Decree;
- A current award letter from the Social Security Administration;
- Two months of bank statements showing the social security deposit;
- A 4506T form signed by the Debtor and his wife;
- Thirty (30) days of paystubs from the Debtor's wife; and
- Proof of occupancy of the Debtor's wife.

4. Despite having done so previously on many occasions, on January 19, 2021 and January 25, 2021, the Debtor uploaded all the requested documents.

5. On January 26, 2021, Carrington rejected the Debtor's application and requested the following documents for a *second* time:

- Pages 2 and 4 of the Mortgage Assistance Application;
- A current award letter from the Social Security Administration; and
- Two months of bank statements showing the social security deposit.

6. Promptly, and on the same day, the Debtor uploaded the exact documents requested.

7. On January 27, 2021, Carrington acknowledged receipt of the Debtor's January 26, 2021 documents and did not request any additional documentation on that date.

8. In violation of W.PA LBR 9020-3(d), on January 29, 2021, Carrington **mailed** to undersigned counsel a letter, ***not sent via the Portal***, stating that the Debtor's loss mitigation application was still incomplete and requesting a phone call to discuss the missing documents, in essence requesting the same documents a *third* time.[1]

9. On February 5, 2021, upon receipt of the January 29, 2021 mailed letter from Carrington, Debtor's counsel's firm called Carrington and was told that the following documents were missing:

- Pages 2 and 4 of the Mortgage Assistance Application;
- A current award letter from the Social Security Administration; and
- A 4506T form signed by the Debtor and his wife.

10. However, the Debtor provided those documents at least twice before.

11. Unfortunately for the Debtor, when asked, the Carrington agent said she did not have access to the Portal or the documents that the Debtor had uploaded; had the agent been able to access the Portal, Respondents could have confirmed receipt of those documents.

12. Immediately after the off-Portal phone call about the LMP, Debtor's counsel contacted Carrington on the Portal to inquire why they still believed the documents to be missing, when they had been uploaded previously at least twice.

---

[1] Respondents attempted material communication about this LMP by phone or mail, rather than through the Portal, in violation of this rule on many occasions during this LMP. They called the Debtor directly on May 12, 2020, not his counsel. The letter dated September 28, 2020 that Respondents allegedly mailed, but not sent via the Portal, caused much of the confusion and delay in this LMP because it was only received by Debtor once Respondents' counsel emailed it to Debtor's counsel on December 4, 2020.

13. Rather than respond to the question or meaningfully participate in this LMP, on February 11, 2021, Carrington replied on the Portal and repeated, for a ***fourth*** time, a request for:

- Pages 2 and 4 of the Mortgage Assistance Application;
- A current award letter from the Social Security Administration; and
- A 4506T form signed by the Debtor and his wife.

14. Perplexed, on February 11, 2021, Debtor's counsel replied on the Portal requesting a phone call with the agent to determine if there was a technical problem on the Portal preventing Respondents from receiving the documents that the Debtor was uploading.

15. As of the date of this status report, Carrington has not replied to the message or provided a phone number for the Debtor to contact them to discuss the documents previously uploaded to the Portal.

16. A redacted Portal Account History is being uploaded as an exhibit to this status report.

**RESPONDENTS' LACK OF COOPERATION REQUIRES THIS STATUS REPORT**

17. Debtor believes that Respondents are being uncooperative, causing unnecessary delays during this LMP, showing willful disregard for the rules and orders of this Court, and undermining the Debtor's efforts to obtain a loan modification.

18. Due to Respondents' failures and actions as described above, Debtor has experienced hardship, frustration, anger, confusion, worry, attorneys' fees and costs.

19. Debtor is filing this status report in accordance with this Honorable Court's Order dated December 29, 2020 which ordered "a Status Report or other appropriate pleading is to be filed if there is lack of cooperation by any Party."

20. The Debtor is therefore forced to file this status report seeking Court intervention.

21. Undersigned counsel for the Debtor emailed this proposed status on February 17, 2021 to Respondents' counsel, excluding this paragraph; no reply has been received as of the time this status report is filed.

                                            Respectfully submitted,

                                            MOYNIHAN LAW, P.C.

Dated: February 22, 2021            By:     <u>/s/ Mark G. Moynihan</u>
                                                            Mark G. Moynihan, Esq.
                                                            PA ID No. 307622
                                                           2 Chatham Center, Suite 230
                                                           Pittsburgh, PA 15219
                                                           Phone:  (412) 889-8535
                                                           Fax:  (800) 997-8192
                                                           Email: mark@moynihanlaw.net

                                                           Attorney for Debtor(s)